**LAKE TRANSPORT, INC., Appellant,**

v.

**RAILROAD COMMISSION OF TEXAS and Coastal Transport Co., Inc., Appellees.**

**No. 12037.**

Court of Civil Appeals of Texas, Austin.

June 6, 1973.

Rehearing Denied July 25, 1973.

Mert Starnes, Robinson, Felts, Starnes & Nations, Austin, for appellant.

John L. Hill, Atty. Gen., Rex H. White, Jr. Asst. Atty. Gen., B. D. St. Clair, Joe M. Kilgore, McGinnis, Lochridge & Kilgore, Austin, Dave McNeill, Jr., Vinson Elkins, Searls & Smith, Houston, Leroy Hallman, Phinney, Hallman & Pulley, Dallas, for appellees.

PHILLIPS, Chief Justice.

This is an appeal under Section 20, Article 911b, Vernon's Ann. Civil Statutes, brought by Lake Transport, Inc., appellant, against the Railroad Commission of Texas and Coastal Transport Co., Inc., appellees, to set aside the orders and certificate issued by the Railroad Commission to Coastal Transport Co., Inc., and permanently to enjoin operations by appellee Coastal Transport Co., Inc., thereunder. The authority issued by the Commission to Coastal Transport Co., Inc., was to transport certain commodities in Texas under the authority of a specialized motor carrier permit.

Appellees jointly filed a plea in abatement to appellant's suit on the ground that appellant had no interest in the subject matter of the suit and hence no justiciable interest to initiate judicial review of the orders and certificate. The trial court sustained the plea and appellant has perfected its appeal to this Court. We affirm.

Appellant is before us on two points of error, both of which we overrule. By its first point, appellant claims that the court erred in sustaining the plea in abatement directed to the cause of action alleged by appellant because appellant possesses requisite standing to litigate the validity of the Commission's order before us; the second point of error is that the court erred in severing and dismissing appellant's suit because such action violates appellant's statutory and constitutional rights to maintain legal action to test the validity of the Commission's order.

By an application filed in June of 1970, appellee, Coastal Transport Co., Inc., sought additional authority as a Specialized Motor Carrier transporting, among other things, gypsum board paper in rolls of not less than 4,000 pounds each, and gypsum and gypsum products. The authority sought was to extend between the plant site of United States Gypsum Company at Galena Park, Texas, and all points in Texas. At the time appellee Coastal's application was filed, appellant was authorized by the Commission to transport gypsum on this route and, pursuant to a con-

tract with U. S. Gypsum, appellant was in fact doing so.

Appellant filed a written notice of protest to this application in July of 1970. Protests were also filed by Brown Express, Inc., Central Freight Lines, Inc., and Red Arrow Freight Lines, Inc. These three protests were withdrawn prior to hearing.

With the filing of protests under Rule 19 and 20 of the Commission's Rules of Practice, the application became a "Contested" proceeding. Appellant's contract carrier permit issued in January, 1964, is the total authority issued to appellant by the Railroad Commission which serves as a basis of its protest of appellee Coastal's application. Appellant's contract carrier permit authorized it to operate as a *contract carrier* transporting, among other things, gypsum paper, wallboard and sheathing from the facilities of the United States Gypsum Company at Galena Park, Texas, and *vice versa,* for United States Gypsum Company. The only contract under the terms of which Lake Transport, Inc., provided transportation service for United States Gypsum Company from October, 1968, to November 12, 1970, contained a provision as follows:

"9. This contract is subject to termination at any time by either party upon 30 days' written notice to the other and shall continue in effect until so terminated."

This contract was cancelled by United States Gypsum Company in writing effective November 12, 1970, and no transportation service of any kind has been provided for United States Gypsum Company by appellant under authority of the above mentioned contract carrier permit since said date.

Prior to commencement of the hearing on application of appellee Coastal, it filed a motion to strike the protest of appellant on the ground that appellant was a contract carrier, and its contract with United States Gypsum Company, the supporting shipper in appellee Coastal's application, had been terminated and because of the termination of the contract, appellant was not a proper party protestant within the meaning of the Commission's Rules of Procedure. That motion was overruled by the Hearing Examiner as a preliminary matter, and appellant was permitted to participate in the proceeding. The Examiner found that it was not necessary to decide whether or not appellant was technically a proper party protestant and he further found as follows:

"As the applicant points out in its brief, a contract carrier has no statutory obligation apart from its contract, to provide service to a contracting shipper. Likewise, the Commission has no statutory authority to require a contract carrier to serve its supporting shipper or shippers. It follows that as a general proposition the Commission should not require a contracting shipper to utilize a particular contract carrier. The contract carrier permit issued to Lake only authorizes service under a continuing contract with USG. The Commission cannot dictate the terms of a contract between Lake and USG, or for that matter, force the parties to enter into a contract. There now exists no contract between the parties, and at least with respect to USG, no intention to again enter into a contract with Lake. It is therefore the Examiner's opinion that in the absence of such contract, Lake is not properly authorized to serve USG, and hence, is not an 'existing carrier' within the meaning of Art. 911b."

The Examiner found that the application of appellee Coastal should be granted, in part, and so recommended. The Commission's adopted the Examiner's report and granted the authority to appellee Coastal to the extent recommended by the Examiner.

In its pleadings before the court, appellant alleged that the Commission's order is arbitrary, unlawful and unjust to appellant because it is not supported by substantial

evidence, does not contain findings of fact as required by statute and ignores the requirements of Article 911b V.C.S., purports to authorize transportation by a specialized motor carrier of commodities which cannot qualify for lawful transportation by that class of carrier, finds appellant is not "an existing carrier", among others.

Appellees filed separate answers denying the foregoing allegations, and filed a joint plea in abatement contending that appellant is without justiciable interest to litigate the validity of the Commission's order, such "contention being predicated upon the assertion that appellant was not a party at interest" before the Commission, and, consequently, is not a party at interest before the court. The court sustained this plea.

Appellant contends that it has been a "carrier" since 1964 operating within a territory embraced within that sought to be served by Coastal, transporting gypsum wallboard and sheathing, these being identical commodities to those sought to be transported by Coastal. Thus for a period of more than six years prior to the filing of Coastal's application, applicant possessed and operated authority directly competitive with the authority sought by Coastal.

At the hearing on the Plea in Abatement the appellant subpoenaed Mr. Walter Wendlandt, an attorney and Director of the Transportation Division of the Commission since 1965. Wendlandt testified that: the Commission has never instituted or held any proceeding whereby it purported to suspend, revoke or amend said permit pursuant to the provisions of either section 6(a) or section 12(b) of Article 911b, that the Commission has consistently recognized that contracts between contract carriers and contracting shippers are subject to renegotiation, that contract carrier permits are not ordered revoked, suspended or amended if successive contracts are not continuous in point of time, that a contract between a contract carrier and a shipper does not constitute a part of a contract carrier permit, and that no requirement exists for the filing of contracts with the Commission which are executed subsequent to the issuance of a contract carrier permit.

Director Wendlandt stated that following November 4, 1971, the date of the order under attack, the Commission had accepted appellant's monies tendered for cab cards and identification plates under appellant's contract carrier permit, had issued such cards and plates for use under such permit, and that appellant had maintained on file appropriate evidence of insurance and had filed an annual report under the permit as required by the Commission's regulations. Mr. Wendlandt further testified that in his opinion it is the view of the Commission that appellant's contract carrier permit is valid and outstanding. From this appellant contends that, the Commission recognizes appellant as a party in interest, a duly authorized and existing carrier.

Section 20, Art. 911b, Vernon's Texas Civil Statutes, under which Appellant filed its suit in the court below, provides, in part:

"Sec. 20. If any motor carrier or other party at interest be dissatisfied with any decision, rate, charge, rule, order, act, or regulation adopted by the Commission, such dissatisfied person, association, corporation, or party after failing to get relief from the Commission may file a petition setting forth the particular objection to such decision, rate, charge, rule, order, act or regulations, or to either or all of them in the District Court in Travis County, Texas, against said Commission as defendant."

Rule 10 (formerly Rule 30) of the Rules of Practice and Procedure for the Transportation Division, The Railroad Commission of Texas, provides as to "parties in interest" as follows:

"Rule 10: *Parties in Interest.*

Any party in interest may appear in any proceeding before the Transporta-

tion Division. All appearances shall be subject to a motion to strike upon a showing that the party has no justiciable or administratively cognizable interest in the proceeding. As applied to proceedings under Article 911a and 911b of the Revised Civil Statutes of 1925 involving operating authority, a party in interest is any carrier operating over a route within that territory or serving any point proposed to be served by any applicant, and transporting any of the same class or classes of commodities or persons proposed to be transported by the applicant."

In Groendyke Transport, Inc. v. Railroad Commission, 426 S.W.2d 645 (Tex. Civ.App.1968, writ ref. n. r. e.) this Court in affirming the ruling of the Commission which refused to allow the appellant to appear in a hearing for an application for a certificate by a motor carrier cited with approval the following observation of the Commission with respect to Rule 30 (Now Rule 10):

" ' . . . pursuant to its consistent practice under Rule 30 the Commission in accordance with what it deems to be its statutory mandate under Section 5a(d)(Art. 911b) has recognized as parties at interest in specialized motor carrier application proceedings only those "existing" carriers *then "serving" the involved territory* and with respect to which the statute requires a successful applicant to present substantial evidence, and requires the Commission to make detail fact findings, showing inadequacy of such "existing" carrier services and facilities.' " (Emphasis Added)

We noted in *Groendyke* [1] that Rule 30 (Now Rule 10) has consistently been enforced to disallow appearances by protesting specialized motor carriers who held no

permanent certificated authority to perform any of the services proposed to be performed by an applicant. We further note that if all carriers and all competing applicants for authority to perform services as carriers are considered to be parties at interest, the burden cast upon the Commission would be greatly increased.

We hold that appellant herein was not a motor carrier party at interest with any statutory or constitutional right to appear and protest the application of appellee Coastal, or to appeal under Section 20 of the Act.

It is clear from the facts of this case that the Examiner could have properly sustained appellee Coastal's motion to strike appellant's protest under the provisions of Rule 10 at the beginning of the proceeding before the Railroad Commission. Appellant was not a motor carrier operating over a route within the territory or serving any point proposed to be served by the appellee-applicant, and was not transporting any of the same class or classes of commodities proposed to be transported by the appellee. It is undisputed that appellant was neither operating over any route or serving any point, nor transporting any commodities as a contract carrier at any of the times material hereto. The Commission was correct in finding that appellant was not an "existing carrier"; consequently it was not a party at interest within the meaning of Rule 10.

Aside from the provisions of Rule 10, this Court held in Railroad Commission v. Red Arrow Freight Lines, Inc., 96 S.W.2d 735 (Tex.Civ.App.1936, writ ref'd) that an "interested party" within the meaning of Section 20, Article 911b, insofar as protesting carriers are concerned, is a carrier able to show that it has a "valid certificate

1. Appellant contends that *Groendyke* is not in point as there the applicant denied standing did not have specific authority to transport any of the commodities named in the applications. This is true, however, the fact of the matter was that both appellants and appellees were specialized motor carriers and appellant had actually been transporting fertilizer under authority to transport petroleum products. It was fertilizer that the appellee sought authority to transport under a broader certificate of authority.

from the Commission, *and was operating under it with ample facilities*" rendering some or all of the services proposed by the applicant. Also see Brown Express, Inc. v. Railroad Commission, 415 S.W.2d 394 (Tex.1967).

Throughout Article 911b, (Sec. 8, Sec. 5a(d), Sec. 11 relating to notice) the emphasis as regards interested parties is upon "existing carriers."

The Examiner found and the Commission affirmed (after finding that appellant was not an existing carrier): "Given the state of the relationship between USG and Lake it would be a useless act to deny this application, and could provide only hallow satisfaction to Lake in that USG would not use its service in any case."

Not being an existing carrier, appellant is not within that class described by the applicable statutes and rules of the Commission as parties in interest, and, consequently, has no standing to appeal this proceeding.

■ We also overrule appellant's second point by which appellant asserts deprivation of a constitutional or statutory right to maintain legal action to test the validity of the Commission's order. The authorities[2] cited by appellant are not persuasive on the issues before this Court. As we noted above, the case before us turns on the finding by the Examiner that appellant was not an existing carrier as contemplated by the statute and rules discussed above. By this action the Examiner, in effect, found appellant to be a stranger to these proceedings with no stake in the outcome. That is, an administrative body charged with that very responsibility has heard the evidence and made a finding on a vital issue. It is upon such finding that this Court bases the decision herein. Since appellant was not denied access to

the Art. 911b process at the outset, and was permitted to participate and establish, if possible, its status as an existing carrier, we are unable to perceive the deprivation of any constitutional or statutory guarantee. Therefore, both points of error are overruled, and the case is affirmed.

Affirmed.

2. Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); Association of Data Processing Service Organizations v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Air Reduction Company v. Hickel, 137 U.S.App.D.C. 24, 420 F.2d 592 (1969); the Administrative Procedure Act, 5 U.S.C. § 702.